IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| GIRL SCOUTS OF MIDDLE TENNESSEE, | ) ) ) | |
| Plaintiff, | ) ) | NO. 3:21-cv-00433 |
| v. | ) ) | JUDGE CAMPBELL |
| GIRL SCOUTS OF THE UNITED STATES OF AMERICA, | ) ) ) ) | MAGISTRATE JUDGE FRENSLEY |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Girl Scouts of the United States of America's ("GSUSA") Motion to Dismiss Plaintiff's First Amended Complaint and Memorandum in Support. (Doc. Nos. 25, 27). Plaintiff Girl Scouts of Middle Tennessee ("GSMT") filed a Response (Doc. No. 32) and GSUSA filed a Reply. (Doc. No. 38). The Court provided notice to the State of Tennessee ("the State") of a constitutional challenge to a state statute (Doc. No. 29), and the State filed a Response (Doc. No. 70) to the motion to dismiss, to which GSUSA replied (Doc. No. 71). GSUSA supplemented its response following receipt of documents from the State. (Doc. No. 75).

For the reasons stated herein, the Motion to Dismiss (Doc. No. 25) is be **DENIED**. Additionally, GSMT's Count 2 is **DISMISSED** without prejudice as not ripe for adjudication.

### I. FACTUAL BACKGROUND

This involves a dispute between the national Girl Scouts organization, GSUSA, and one of its local councils in Tennessee, GSMT. GSUSA is a Congressionally chartered nonprofit that licenses over one hundred local nonprofit councils to establish local Girl Scout programs. (Am. Compl., Doc. No. 17 ¶¶ 2, 9). GSUSA licenses these local nonprofits through a charter agreement.

(*Id*. ¶¶ 9, 13). The licensed nonprofits are separate legal entities, incorporated in the state in which they operate. (*Id*. ¶¶ 1, 9). GSMT is one such local nonprofit offering Girl Scout programming in Middle Tennessee. (*Id*.)

Local councils, like GSMT, are responsible for the development and implementation of programming in their respective jurisdictions. (*Id*. ¶ 12). Their conduct, however, is bound by the GSUSA constitution and other organizational documents contained in the Blue Book of Basic Documents[1] ("Blue Book") (*Id*. ¶¶ 25-27). These governing documents guidelines for the self-governance of local councils as well as the structure of the national governing body. (*Id*. ¶¶ 27-31).

The governing body of GSUSA is the National Council. (*Id*. ¶ 22). The National Council is comprised: "(1) delegates elected from Girl Scout councils who are registered through such local councils; and (2) members of the GSUSA Board of Directors (the "National Board"), among others." (*Id*. ¶ 27). The GSUSA Constitution establishes the authority of the National Council and the National Board. (*Id*. ¶ 29). Specifically, Plaintiff alleges the National Council establishes standards, and the National Board administers those standards. (*Id*. ¶¶ 30-31). Accordingly, the National Board does not have any authority under the Constitution to promulgate requirements for the local councils. (*Id*. ¶ 34).

Nevertheless, in April 2017, the National Board approved a new standard requiring all local councils to utilize a specified "common technology platform" ("the Platform"). (*Id*. ¶ 38). Adopting and implementing the Platform requires local councils to sign a Use Agreement and related Schedules with the Platform provider. (*Id*. ¶ 41). GSMT objects to certain terms of the Use Agreement and Schedules as commercially unreasonable. (*Id*. ¶ 43-44). GSMT has shared those

---

[1] The Blue Book is attached to Amended Complaint as Exhibit A. (Doc. No. 17-1).

objections with GSUSA, and GSUSA has failed to meaningfully address them. (*Id*.). GSMT refuses to sign the Use Agreements and Schedules necessary to implement the Platform and alleges that GSUSA has taken retaliatory action against them, including placing GSMT on "viability review." (*Id*. ¶¶ 47, 51). GSUSA has continued to re-issue GSMT's charter, albeit on an annual basis since 2017. (*Id*. ¶¶ 63-64).

GSMT filed this action in June 2021 in the Chancery Court of Davidson County, Tennessee. (Doc. No. 1). GSUSA timely removed the action to this Court. (*Id*.). Through its First Amended Complaint ("FAC"), filed July 30, 2021, GSMT seeks a declaratory judgment (Count 1) that the National Board lacks authority under the GSUSA Constitution to promulgate standards that GSUSA's attempts to force GSMT to adopt a standard not approved by the National Council, as well as their retaliatory conduct for GSMT's failure to do so, are without authority. GSMT also brings a claim for violations of Tennessee's Nonprofit Fair Asset Protection Act ("TNFAPA"), Tenn. Code. Ann. §§ 48-53-201, *et seq*. (Count 2). GSUSA now moves to dismiss the FAC under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief can be granted. For purposes of a motion to dismiss, a court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id*. at 678. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as

true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Thus, dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Guzman v. U.S. Dep't of Children's Servs.*, 679 F.3d 425, 429 (6th Cir. 2012). In considering a Rule 12(b)(6) motion, the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to Defendant's motion to dismiss provided they are referred to in the Complaint and are central to the claims. *Bassett v. National Collegiate Athletic Assn.*, 528 F.3d 426, 430 (6th Cir. 2008).

### III.  ANALYSIS

GSUSA moves to dismiss GSMT's FAC on grounds that Count 1 is expressly refuted by the documents governing the parties' agreement, which are attached to the FAC and incorporated by reference, and that Count 2 seeks relief under a statute which unconstitutional under both the Contract Clause and the Dormant Commerce Clause of the United States Constitution.

**A.  Declaratory Judgment**

GSUSA moves to dismiss GMST's petition for declaratory judgment because GSMT's factual allegations regarding the authority of the National Board are expressly refuted by the governing documents. GSUSA's motion does not challenge the sufficiency of GSMT's pleadings but rather asks the Court to dismiss Count 1 because GSUSA has a differing argument on the interpretation and application of the governing documents. GSMT responds that dismissal at this stage is inappropriate where, as here, GSMT has met the required pleading standards.

Having reviewed the FAC, the Court finds that GSMT has alleged sufficient facts that, taken as true, present a claim. The Court is not persuaded that this issue should be decided as a matter of law at this juncture.

## B. The Tennessee Nonprofit Fair Asset Protection Act

Having reviewed the FAC, the Court finds that Count 2 must be dismissed as not ripe for adjudication. "Ripeness is a justiciability doctrine designed 'to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements.'" *Kentucky Press Ass'n, Inc. v. Kentucky*, 454 F.3d 505, 509 (6th Cir. 2006) (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580, 105 S.Ct. 3325, 87 L.Ed.2d 409 (1985)). "The requirements of standing, ripeness, and mootness guard against the issuing of advisory opinions." *Celebrezze v. U.S. Dep't of Transp.*, 766 F.2d 228, 232 (6th Cir. 1985). "Ripeness becomes an issue when a case is anchored in future events that may not occur as anticipated, or at all." *Nat'l Rifle Ass'n of Am. v. Magaw*, 132 F.3d 272, 294 (1997). "The ripeness doctrine is drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction, but, even in a case raising only prudential concerns, the question of ripeness may be considered on a court's own motion." *Kentucky Press Ass'n*, 454 F.3d at 509 (quoting *Nat'l Park Hospitality Ass'n v. Dep't of the Interior*, 538 U.S. 803, 808, (2003)). Courts are advised to consider three factors when determining whether a case is ripe for review: "(1) the likelihood that the harm alleged by the plaintiffs will ever come to pass; (2) whether the factual record is sufficiently developed to produce a fair adjudication of the merits of the parties' respective claims; and (3) the hardship to the parties if judicial relief is denied at this stage in the proceedings." *Id.* (quoting *Adult Video Ass'n v. United States Dep't of Justice*, 71 F.3d 563, 568 (6th Cir.1995)).

GSMT alleges in Count 2 a violation of the Tennessee Nonprofit Fair Asset Protection Act ("TNFAPA") Tenn. Code Ann. §§ 48-53-201, *et seq*. The TNFAPA makes it unlawful for:

> (1) A national nonprofit corporation that has received a charter under 36 U.S.C. Subt. II, Pt. B, to terminate, revoke, suspend, or fail to renew a license or charter affiliating a Tennessee nonprofit corporation with the national nonprofit corporation absent good cause;

5

(2) A national nonprofit corporation that has received a charter under 36 U.S.C. Subt. II, Pt. B, to discriminate against a licensed or chartered affiliated Tennessee nonprofit corporation by imposing requirements not imposed on other similarly situated affiliates of the national nonprofit corporation; or

(3) A national nonprofit corporation that has received a charter under 36 U.S.C. Subt. II, Pt. B, to act indirectly to accomplish what would be otherwise prohibited under this part.

Tenn. Code. Ann. § 48-53-202.

GSMT alleges that GSUSA has violated the statute, but it has not alleged facts from which the Court could find that a violation has taken place or from which the Court could find that a violation is imminent. GSMT has not alleged that their charter has been revoked, terminated, suspended, or not renewed. Indeed, the allegations of GSMT's complaint show that this dispute has been ongoing since 2017 and GSUSA has not revoked, terminated, or suspended their charter. A "future injury" is ripe if either "the injury is certainly impending" or "there is substantial risk that the harm will occur." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014). The record before the Court does not support a finding that the termination, suspension, or revocation of GSMT's charter is likely to occur such that intervention at this stage is appropriate. Further, while GSMT has alleged that they are subject to additional requirements as a result of not implementing the Platform, they have not alleged that they are "similarly situated affiliates" as contemplated by the TNFAPA or facts from which the Court would reasonably infer that they are such.

## IV. CONCLUSION

For the reasons stated herein, the Motion to Dismiss GSMT's declaratory judgment claim is **DENIED**. However, GSMT's claim for violation of the TNFAPA is **DISMISSED** as not ripe for adjudication.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE